IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                    CRIMINAL 08-175 (ADC)

[15] JUAN G. ORTIZ-ESTREMERA,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11(c)(1)(A) & (B) PROCEEDINGS (PLEA OF GUILTY)

I.     Personal Background

On May 7, 2008, Juan G. Ortiz-Estremera, the defendant herein, was charged
in a seven-count superseding indictment.  He agrees to plead guilty to count one of
the indictment.

Count one charges that from a date unknown, but no later than in or about
the year 2005, and continuing up to and until the return of the instant indictment,
that is, May 7, 2008, in the Municipality of Ponce, District of Puerto Rico, and
within the jurisdiction of this court, Juan G. Ortiz-Estremera, and other persons,
did knowingly and intentionally conspire, combine and agree with each other and
with diverse other persons known and unknown to the Grand Jury,  to commit an
offense against the United States, that is, to knowingly and intentionally possess
with intent to distribute and/or to distribute controlled substances, to wit: in excess
of one kilogram of heroin, a Schedule I, Narcotic Controlled Substance; and/or in
excess of fifty grams of cocaine base, a Schedule II, Narcotic Controlled Substance;
and/or in excess of five kilograms of cocaine, a Schedule II, Narcotic Controlled
Substance; and/or in excess of 100 kilograms of marijuana, a Schedule I, Controlled

CRIMINAL 08-0175 (ADC)                    2

Substance; within 1,000 feet of the real property comprising a public or private school, as prohibited by 21 U.S.C. §§ 841(a)(1) and 860. All in violation of 21 U.S.C. § 846.

The United States and the defendant stipulated for purposes of this agreement that this defendant shall be accountable for conspiring to possess with the intent to distribute at least 35 grams but less than 50 grams of cocaine base.

II.     Consent to Proceed Before a Magistrate Judge

On November 3, 2008, while assisted by Jorge Vega-Pacheco, Esq., the defendant, by consent, appeared before me in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment.

In open court the defendant was questioned as to the purpose of the hearing being held. The defendant responded that the purpose of the hearing was to plead guilty. The defendant was advised of his right to have all proceedings, including the change of plea hearing, before a United States district judge. Defendant was given notice of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful (he was also explained that the consequences of lying under oath could lead to a perjury charge); and (c) his right to have the change of plea proceedings presided over by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consent to proceed before this magistrate judge.

III.   Proceedings Under Rule 11, Federal Rules of Criminal Procedure

A. Compliance With Requirements Rule 11(c)(1)

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary:

CRIMINAL 08-0175 (ADC)                3

> "Rule 11 was intended to ensure that a defendant who pleads guilty
> does so with an 'understanding of the nature of the charge and
> consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4
> (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467
> (1969)). [There are three core concerns in these proceedings]:  1)
> absence of coercion; 2) understanding of the charges; and 3) knowledge
> of the consequences of the guilty plea. United States v. Cotal-Crespo, 47
> F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st
> Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on count one, based on the amount of narcotics stipulated between the parties, he may be sentenced to a minimum term of imprisonment of five years and a maximum of 80 years, a fine not to exceed $2,000,000, and a term of supervised release of at least eight years.

Defendant shall pay a special monetary assessment of $100, per offense of conviction, pursuant to 18 U.S.C. § 3013(a).

The defendant is aware that the court may order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release; that the court may impose restitution to the victim; and that as part of this plea agreement, if the court do impose restitution, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States.

Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea if he was unhappy with the sentence of the court.  The defendant understood this.

CRIMINAL 08-0175 (ADC)                 4

Defendant was explained what the supervised release term means.  It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone.  Defendant responded to questions in that no promises, threats, inducements or predictions as to what sentence will be imposed have been made to him.

B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.  To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.  To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to his decision not to testify.

3.  To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.  To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

5.  To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully

CRIMINAL 08-0175 (ADC)                    5

understood his rights, it is determined that defendant is aware of his constitutional rights.

C.  Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that when he were under supervised release, and upon violating the conditions of such release, that privilege could be revoked and he could be required to serve an additional term of imprisonment.  He was also explained that parole has been abolished.

D.  Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record.  Defendant was clearly warned and recognized having understood that:

1.  The plea agreement is not binding upon the sentencing court.

2.  The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

CRIMINAL 08-0175 (ADC)                    6

3.    The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4.    In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

5.    The defendant understands that if the court accepts this agreement and sentences defendant according to its terms and conditions, defendant waives and surrenders his right to appeal the conviction and sentence in this case.

The defendant does not qualify for the Safety Valve provision.

E.  Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant basically concurred.

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged.

F.  Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

IV.   Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the indictment.

CRIMINAL 08-0175 (ADC)                    7

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Juan G. Ortiz-Estremera, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment. After sentencing, the government will move the court to dismiss the remaining counts of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 6th day of November 2008.

                              S/ JUSTO ARENAS
                    Chief United States Magistrate Judge